

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2006

# Carrasco-Potes v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3635

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Carrasco-Potes v. Atty Gen USA" (2006). *2006 Decisions*. Paper 162.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3635
_____

RICARDO CARRASCO-POTES,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-820-893)
_____

Submitted under Third Circuit LAR 34.1(a)
on September 29, 2006

BEFORE: RENDELL, ROTH and GIBSON*, Circuit Judges

(Opinion filed November 22, 2006)

_____

O P I N I O N

_____

_____

*Honorable John R. Gibson, Senior Eighth Circuit Judge, sitting by designation.

**ROTH,** Circuit Judge:

Ricardo Carrasco-Potes petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his motion to reopen his removal proceedings held in absentia. We will deny the petition.

Carrasco-Potes, a native and citizen of Guayaquil, Ecuador, was admitted into the United States in 1985 on a B-2 visitor's visa, which authorized him to remain in the country for six months. He unlawfully remained in the United States beyond the six month period. On November 16, 2002, he was arrested and subsequently sentenced to one year of probation for entering an airport area in violation of security requirements. Upon his arrest, Carrasco-Potes provided certain information to immigration officials, including his address of 31 Northview Terrace, Garfield, New Jersey.

Removal proceedings were initiated against him. He was personally served at 31 Northview Terrace, Garfield, New Jersey, with a Notice to Appear for his removal proceeding. On March 2, 2004, a second notice, which included the date, time, and location of his hearing, was mailed to this same address. Carrasco-Potes, however, failed to appear at his hearing on March 18, 2004. Pursuant to 8 U.S.C. § 1229a(b)(5)(A), the IJ ordered his removal from the United States in absentia.

On July 12, 2004, Carrasco-Potes married Maribel Rodriguez, a United States citizen. On July 15, 2004, he filed a motion to reopen removal proceedings with the IJ. In denying his motion, the IJ concluded that Carrasco-Potes failed to establish that he did not receive proper notice of his hearing date, in light of the fact that the Notice to Appear had been

2

personally served and the hearing notice was subsequently mailed to the address listed on the Notice to Appear. Carrasco-Potes appealed this decision to the BIA. In affirming the decision of the IJ, the BIA agreed that Carrasco-Potes received proper notification of his removal proceedings, as notice was mailed to the address that he had provided to immigration officials in 2002. Furthermore, there was no evidence in the record demonstrating that he had in fact sent a notice of change in address to the immigration court. The BIA also noted that a reopening of the proceedings was not warranted based on his marriage to a U.S. citizen, since his motion was not timely filed under the general time limitations governing motions to reopen. See 8 C.F.R. § 1003.2(c)(2). Carrasco-Potes timely filed a petition for review with this court, in which he seeks relief from the denial of his motion to reopen removal proceedings held in absentia.

We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252. Denials of motions to reopen removal proceedings fall within the discretion of the BIA. See 8 C.F.R. § 1003.2(a). Thus, we review the BIA's denial of Carrasco-Potes' motion to reopen for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, the BIA's decision will be upheld unless it was "arbitrary, irrational, or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

In his petition for review, Carrasco-Potes claims that the BIA abused its discretion in denying his motion to reopen because he had demonstrated both a lack of proper notice of his removal proceedings and "exceptional circumstances" to justify his failure to appear at his hearing. Indeed, the law permits a removal order entered in absentia to be rescinded upon

3

a showing that the alien's failure to appear was the result of exceptional circumstances beyond the control of the alien, "such as battery or extreme cruelty to the alien,...[or] serious illness of the alien,...but not including less compelling circumstances." See 8 U.S.C. §§ 1229a(b)(5)(C)(i), 1229a(e)(1). The removal order may also be rescinded if the alien demonstrates that he did not receive proper notice of his removal proceedings in accordance with 8 U.S.C. § 1229(a). See 8 U.S.C. § 1229a(b)(5)(C)(ii).

In this instance, the BIA did not abuse its discretion in determining that Carrasco-Potes failed to establish exceptional circumstances to justify his failure to appear at his removal proceedings. On appeal, Carrasco-Potes offers no evidence, apart from his alleged lack of notice, from which the court is compelled to excuse his failure to appear at his hearing. Without more, he is not entitled to rescission of his removal order based on a claim of exceptional circumstances, as defined in 8 U.S.C. § 1229a(e)(1).

Similarly, the record does not support Carrasco-Potes' contention that he did not receive proper notice of his removal proceedings. Consistent with the requirements of 8 U.S.C. § 1229(a), written notice was provided to him "through service by mail." Such service is sufficient "if there is proof of attempted delivery to the last address provided by the alien." 8 U.S.C. § 1229(c). The record reflects that Carrasco-Potes was personally served with a Notice to Appear on December 4, 2002, and that on March 2, 2004, a hearing notice, which included its time, date and location, was mailed to 31 Northview Terrace, Garfield, New Jersey, his last known address. Carrasco-Potes offers no evidence to support any other conclusion. Accordingly, he is not entitled to a rescission of his removal order

4

under 8 U.S.C. § 1229a(b)(5)(C)(ii).

Because Carrasco-Potes failed to demonstrate exceptional circumstances or lack of notice to justify his failure to appear at his removal proceedings, the BIA did not abuse its discretion in denying his motion to reopen. Therefore, we will deny the petition for review.